1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11    BIJAN EFTEKARI,                          Case No.:  24-CV-2274 JLS (KSC)

12                              Plaintiff,     **ORDER:**

13    v.
                                               **(1) DENYING WITHOUT**
14    SELECT PORTFOLIO SERVICING,              **PREJUDICE PLAINTIFF'S *EX***
      INC., et al.,                            ***PARTE* EMERGENCY MOTION**
15                                             **FOR TRO, AND**
                              Defendants.
16
                                               **(2) ORDERING PLAINTIFF BIJAN**
17                                             **EFTEKARI TO SHOW CAUSE AS**
                                               **TO SUBJECT MATTER**
18                                             **JURISDICTION**
19
20                                             (ECF No. 3)

21

22        Presently before the Court is Plaintiff Bijan Eftekari's *Ex Parte* Emergency Motion

23   for TRO to Enjoin January 13, 2025 Trustee Sale ("TRO Mot.," ECF No. 3).  Having

24   carefully considered Plaintiff's filing and the applicable law, the Court **DENIES**

25   **WITHOUT PREJUDICE** Plaintiff's TRO Motion.

26        Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary

27   restraining order ("TRO").  The standard for a TRO is identical to the standard for a

28   preliminary injunction.  *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's*

1

1   *Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009).  A plaintiff seeking preliminary

2   relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to

3   suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities

4   tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res.*

5   *Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy

6   that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"

7   and is "never awarded as a matter of right."  *Id.* at 22, 24.  "Because it is a threshold inquiry,

8   when a plaintiff has failed to show the likelihood of success on the merits, [the court] need

9   not consider the remaining three [*Winter* elements]."  *Garcia v. Google, Inc.*, 786 F.3d 733,

10  740 (9th Cir. 2015) (en banc) (internal quotation marks omitted) (citing *Ass'n des Eleveurs*

11  *de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

12      When a plaintiff has not provided notice of his application to the defendant, Federal

13  Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a

14  TRO.  Namely:

15          The court may issue a temporary restraining order without

16          written or oral notice to the adverse party or its attorney only if:

17          (A) specific facts in an affidavit or a verified complaint clearly

18          show that immediate and irreparable injury, loss, or damage will

19          result to the movant before the adverse party can be heard in

20          opposition; and (B) the movant's attorney certifies in writing any

21          efforts made to give notice and the reasons why it should not be

22          required.

23  Fed. R. Civ. P. 65(b)(1).  "The stringent restrictions imposed . . . by Rule 65[] on the

24  availability of ex parte temporary restraining orders reflect the fact that our entire

25  jurisprudence runs counter to the notion of court action taken before reasonable notice and

26  an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods,*

27  *Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

28      Accordingly, "courts have recognized very few circumstances justifying the

24-CV-2274 JLS (KSC)

1    issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131
2    (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the
3    adverse party is impossible either because the identity of the adverse party is unknown or
4    because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co.
5    v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice
6    could have been given to the adverse party, courts have recognized a very narrow band of
7    cases in which ex parte orders are proper because notice to the defendant would render
8    fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

9    The Court finds several defects in Plaintiff's TRO Motion. As a threshold matter, it
10   is not entirely clear that the Court has jurisdiction to hear this case. Plaintiff first contends
11   in his Complaint that this Court has subject matter jurisdiction over his claims because the
12   subject property is located in the County of San Diego and because Section 10 of Article
13   VI of the California Constitution grants this Court original jurisdiction. ECF No. 1
14   ("Compl.") ¶¶ 7, 8. He then pivots in his Motion by arguing that the Court has diversity
15   jurisdiction over his claims under 28 U.S.C. § 1332.[1] Mot. at 2.

16   None of Plaintiff's arguments are persuasive. First, the California Constitution is
17   the wrong place to look for this Court's sources of jurisdiction. Rather, Article III, § 2, of
18   the United States Constitution "delineates the absolute limits on the federal courts'
19   jurisdiction." *Ankenbrandt v. Richards*, 504 U.S. 689, 695 (1992). The only potential
20   source of jurisdiction Plaintiff cites that is provided for by "the Laws of the United States,"
21   U.S. CONST. art. III, § 2, is diversity jurisdiction as defined by 28 U.S.C. § 1332. Even
22   there, however, jurisdiction is uncertain.

23   "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete
24   diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive*

---

[1] Plaintiff alleges only state-based causes of action in his Complaint: (1) violation of California
Homeowner Bill of Rights, (2) unfair competition, (3) breach of covenant of good faith and fair dealing,
and (4) negligence. *See generally* Compl. Federal question jurisdiction under 28 U.S.C. § 1331, therefore,
cannot supply the basis for federal subject matter jurisdiction.

24-CV-2274 JLS (KSC)

1 *Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  For the parties to be in complete

2 diversity, "each defendant must be a citizen of a different state from each plaintiff."  *In re*

3 *Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).  "[A] corporation

4 is typically a citizen of two states for determining the existence of diversity jurisdiction:

5 the state of incorporation and the state in which it has its principal place of business."

6 *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

7 Here, Plaintiff alleges he resides in San Diego County, making him a resident of the

8 state of California.  Compl. ¶ 1.  Plaintiff fails to allege the state of citizenship for

9 Defendant Clear Recon Corp. ("CRC"), *see id.* ¶ 5, but the Court ascertains from public

10 records maintained by the California Secretary of State that CRC was incorporated in

11 California, thereby making it, like Plaintiff, a resident of California.[2]  California Secretary

12 of State, *Clear Recon Corp (3521772)*, Business Search,

13 https://bizfileonline.sos.ca.gov/search/business (last visited January 13, 2025).  Thus,

14 Plaintiff's only possible source of jurisdiction fails, and he has not met his burden of

15 pleading the requirements of any of the "numerous theories" upon which he claims this

16 Court has federal subject matter jurisdiction.  The Court is, therefore, unable to proceed

17 assured of its jurisdiction.  *See Flint v. Krause*, No. 11cv0480 AJB (WMC),

18 2011 WL 4626149, at *2 (S.D. Cal. Oct. 5, 2011).

19 The Court is aware of the concept of a nominal party and "acknowledges that the

20 trustee on a deed of trust is often a nominal party," thereby removing the trustee from the

21 Court's jurisdictional analysis.  *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, at *5

22 (C.D. Cal. June 16, 2011) (first citing *Reynoso v. Paul Fin., LLC*, No. 09-3225,

23 2009 WL 3833494, at *1 (N.D. Cal. Nov. 16, 2009); then citing *Hafiz v. Greenpoint*

24 *Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009); and then citing

25 *Lawrence v. Aurora Loan Servs. LLC*, No. 09-1598, 2010 WL 449734, at *4 (E.D. Cal.

26

27
28 [2] The Court may take judicial notice of records from the California Secretary of State's website pursuant to Federal Rule of Evidence 201.  *See, e.g., GCIU-Emp. Ret. Fund v. Shelton-TurnbuII Printers, Inc.*, No. 2:22-CV-02381-MCS-KS, 2022 WL 18231685, at *1 n.1 (C.D. Cal. Oct. 3, 2022).

24-CV-2274 JLS (KSC)

1    Feb. 8, 2010)).  However, "an exception is made where the complaint contains substantive
2    allegations against the trustee or seeks to recover money damages from the trustee." *Osorio*
3    *v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5,
4    2012) (citing *Latino v. Wells Fargo Bank*, No. 2:11-cv-02037-MCE-DAD,
5    2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011)).

6          Plaintiff has made no attempt to argue that CRC is a nominal party, and it appears
7    unlikely for that to be the case with the Complaint as currently pled.  Plaintiff has asserted
8    all four causes of action in his Complaint against all named Defendants and seeks
9    "disgorgement of Defendants' illegal profits and gain . . . ." *See generally* Compl.  Plaintiff
10   alleges each of the Defendants "failed to abide by their own guidelines in qualifying or
11   reviewing Plaintiff for a loan modification in violation of Civil Code § 2923.6" and "failed
12   to provide the required statutory notifications and undertake the required courses of action
13   as mandated under California Civil Code."  Compl. at 19–20.  Where the complaint
14   includes substantive allegations against and seeks damages from the trustee, courts
15   consistently find that the trustee's "citizenship must be considered in ascertaining whether
16   diversity    jurisdiction    exists."    *Jenkins    v.    Bank    of    Am.,    N.A.*,
17   No. CV 14-04545 MMM (JCx),  2015 WL 331114,  at *11  (C.D. Cal.  Jan. 26,  2015)
18   (collecting cases).  Accordingly, CRC's presence as a named Defendant in this action
19   destroys diversity jurisdiction.

20         Where a "court lacks subject matter jurisdiction over [an] action, it necessarily is
21   powerless to grant [a] TRO," so the Court must defer ruling on Plaintiff's Motion for the
22   time being.  *See Diaz v. Gaura*, No. 16-00036 JMS-BMK, 2016 WL 447446, at *4
23   (D. Haw. Feb. 3, 2016).  Accordingly, the Court **DENIES WITHOUT PREJUDICE**
24   Plaintiff's TRO Motion.

25         Just as problematic for Plaintiff is the fact that "there is absolutely no showing in the
26   TRO request that explains why Plaintiff waited until—quite literally—the eve of the
27   foreclosure    sale    to    file"    his    TRO    Motion.    *Avila    v.    Citi    Mortg.    Inc.*,
28   No. 1:17-cv-1581-LJO-BAM,  2017 WL 5871473,  at *1  (E.D. Cal.  Nov. 29,  2017).

24-CV-2274 JLS (KSC)

1 Plaintiff filed this action on December 5, 2024, over one month ago.  *See* Compl.  At that

2 time, Plaintiff alleged a trustee sale was to occur on December 9, 2024. *Id.* ¶ 5.  Said trustee

3 sale was apparently postponed until today, January 13, 2025, Mot. at 6, yet Plaintiff waited

4 to file the instant Motion until yesterday, January 12, 2025, *see id.*  Under California Civil

5 Code § 2924.8, notice of a trustee's sale must be given at least twenty-one days in advance

6 of the sale, and Plaintiff does not claim notice of today's trustee's sale was faulty nor does

7 he provide any other justification for his delay in filing the instant TRO Motion.  Plaintiff

8 is only entitled to *ex parte* relief to the extent he "is without fault in creating the"

9 emergency, so his TRO Motion is independently denied on that ground as well.  *See O'Dell*

10 *v. Wash. Mut. Bank FA*, 2011 WL 13218030, at *1 (C.D. Cal. Feb. 7, 2011) (citing *Mission*

11 *Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

## CONCLUSION

13 In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's

14 TRO Motion (ECF No. 3).  Further, the Court **ORDERS** Plaintiff to show cause as to why

15 federal subject matter jurisdiction exists over this matter.  Plaintiff **SHALL** file a response

16 to this Order <u>on or before January 27, 2025</u>.  Defendants **MAY** file a reply to Plaintiff's

17 response <u>on or before February 3, 2025</u>.

18   **IT IS SO ORDERED.**

19 Dated:  January 13, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

24-CV-2274 JLS (KSC)