UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJAN EFTEKARI,<br><br>          Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>          Defendants. | Case No.: 24-CV-2274 JLS (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF No. 14) |

  Presently before the Court are Defendants Select Portfolio Servicing, Inc. and Citibank, N.A.'s Motion to Dismiss Complaint ("Mot.," ECF No. 14) and Memorandum of Points and Authorities in Support Thereof ("Mem.," ECF No. 14-1).[1] Plaintiff has not opposed the Motion despite the requirements of Civil Local Rule 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendants' Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

/ / /

/ / /

/ / /

/ / /

---

[1] Defendants also filed a Request for Judicial Notice, *see* ECF No. 14-2, but given the Court's resolution of the Motion, the Request for Judicial Notice is **DENIED** as **MOOT**.

1

## BACKGROUND

In August 2022, Plaintiff obtained a home mortgage loan ("Loan") in the amount of $1,176,000.00 for the property located at 3006 Skycrest Drive, Fallbrook, California 92028 ("Subject Property"). ECF No. 5 ("FAC") ¶¶ 8, 12. The Loan was secured by a Deed of Trust encumbering the property. *Id.* ¶ 12. Plaintiff alleges the property is his "principal residence and is owner-occupied." *Id.*

Midway through 2023, Plaintiff began falling behind on his Loan payments. *Id.* ¶ 13. About a year later, on July 29, 2024, a Notice of Default ("NOD") was recorded by the San Diego County Recorder, reflecting Plaintiff's default on the Loan. *Id.* ¶ 14. Plaintiff alleges that, following the default, he "followed up weekly for status updates," yet he was provided no information as to his loan modification options. *Id.* ¶ 18. On September 18, 2024,[2] Plaintiff engaged a real estate broker to sell the Subject Property, but the broker was informed that a title issue prevented the sale of the house until the Deed of Trust was removed. *Id.* ¶¶ 19, 24. Plaintiff then filed this action on December 5, 2024, ECF No. 1, twice seeking temporary restraining orders ("TROs") to enjoin a purported January 2025 trustee's sale, *see* ECF Nos. 3, 8. For various reasons, including jurisdictional concerns, the Court denied Plaintiff's TRO request each time. *See* ECF Nos. 4, 11.

Defendants then filed the instant Motion on March 4, 2025. In the Motion, Defendants argue that Plaintiff has failed to state a claim for which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. The Motion was originally noticed for a hearing on May 1, 2025. Accordingly, per Civil Local Rule 7.1(e)(2), Plaintiff was required to respond to the Motion on or before April 17, 2025. He failed to do so. *See* Docket. Plaintiff's silence has since continued, though the Court noted his noncompliance when taking the Motion under submission. *See* ECF No. 16.

---

[2] The FAC alleges this date to be September 18, 2023, but the Court construes that as a typographical error in light of the context of Plaintiff's other allegations.

## DISCUSSION

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule authorizes the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action on these grounds, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for said failure. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend his case. Plaintiff's noncompliance is all the more notable because he has legal representation. *Cf. Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (holding that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant resulting from a

plaintiff's inaction, also favors dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. As noted above, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 16. In that Order, the Court noted that no opposition had been filed, even though Civil Local Rule 7.1(e)(2) required Plaintiff to respond. *See id.* Nevertheless, Plaintiff remained silent. This factor therefore weighs in favor of dismissal as well.

## CONCLUSION

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 14) pursuant to Civil Local Rule 7.1(f)(3)(c). Although Defendants request that the Court dismiss the Complaint with prejudice, Mem. at 7, the Court finds dismissal with prejudice premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC (ECF No. 5). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendants' Motion <u>within fourteen (14) days</u> of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the

opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 9, 2025

Hon. Janis L. Sammartino
United States District Judge